Filed 10/1/15  P. v. Diaz  CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

        v.

JUANITA ELSA DIAZ,

    Defendant and Appellant.

F069778

(Super. Ct. No. F13909110)

**OPINION**

---

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Alvin M. Harrell III, Judge.

Julia Freis, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Gomes, J. and Franson, J.

Appellant Juanita Elsa Diaz pled no contest to driving under the influence causing an injury (Veh. Code, § 23153, subd. (a))[1] and leaving the scene of an injury accident (§ 20001, subd. (a)). Appellate filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende)* identifying no arguable issues and asking this court to independently review the entire record on appeal.

Our independent review of the record did not discover any arguable issues. Accordingly, we affirm the judgment.

## PROCEDURAL SUMMARY

On September 26, 2013, a complaint was filed charging appellant with the following counts: count 1, driving with a .08 percent blood-alcohol content, causing injury (§ 23153, subd. (b)); count 2, driving under the influence causing bodily injury (§ 23153, subd. (a)); count 3, leaving the scene of an injury accident (§ 20001, subd. (a)); and count 4, driving on a suspended license (§ 14601.1, subd. (a)).

As to counts 1 and 2, the complaint alleged enhancements for the infliction of great bodily injury within the meaning of Penal Code section 12022.7, and that appellant had a blood-alcohol content of .15 percent or higher within the meaning of Vehicle Code section 23578.

On April 2, 2014, upon oral motion of the People, the complaint was amended to add as to count 1 enhancements of causing injury to multiple victims. (§ 23558.) On that same date, appellant entered into a negotiated disposition whereby she withdrew her not guilty plea and entered a plea of no contest to counts 1 and 3, and to three enhancements as to count 1 for causing injury to multiple victims. The remaining counts and enhancements were dismissed. Appellant initialed and signed the "Felony Advisement, Waiver Of Rights, And Plea Form" noting that the maximum sentence she could receive

---

[1]     Unless otherwise indicated, all statutory references are to the Vehicle Code.

as a result of plea was six years eight months. The trial court confirmed that appellant understood her rights and the consequences of her plea.

On July 14, 2014, the court sentenced appellant as follows: count 1, the low term of 16 months; and count 3, one-third the midterm (eight months) to run consecutive to count 1. The court further imposed three additional years, one for each additional victim in accordance with section 23558. The court suspended execution of the sentence, placed appellant on probation, and ordered appellant to serve 365 days in custody. Appellant was further ordered to pay restitution to one victim in the amount of $13,189.21. Appellant was awarded three days of actual time credits and two days of good time/work time credits for a total of five days presentence credit.

On July 24, 2014, appellant filed a timely notice of appeal. No certificate of probable cause was requested.

On October 30, 2014, appellant filed the pending brief pursuant to *Wende, supra,* 25 Cal.3d 436 identifying no arguable issues and asking this court to independently review the entire record on appeal. By a letter dated October 30, 2014, this court invited appellant to identify any grounds she wished this court to address in this appeal. Appellant did not respond to this court's letter.

## STATEMENT OF THE FACTS

The facts are taken from the probation officer's report.

On September 14, 2013, at approximately 7:00 p.m., appellant was driving on the 41-freeway. As she was exiting the freeway on the Shields Avenue off ramp, she rear-ended a vehicle stopped at a red light, driven by Juan Lopez with Almacelia Villa as a passenger. The impact forced Mr. Lopez's vehicle into the vehicle stopped in front of him, driven by Rachel Morgan. Appellant then backed up and drove around Lopez, rear-ending a vehicle driven by Antonio Valdez. Appellant continued driving without making any attempt to stop. She made a U-turn on Shields Avenue and entered the freeway headed southbound. Swerving, appellant hit a guard rail. She exited the freeway at

3.

McKinley Avenue.  Appellant sideswiped the right side of Morgan Evans's vehicle and crashed into a traffic signal light, knocking it over.  She then collided with a vehicle driven by Elizabeth Farias who was stopped at a red light.

Witnesses stated that appellant appeared to be extremely intoxicated and smelled of alcohol.  They observed several cans of beer lying on the floorboard of appellant's vehicle.  A blood-alcohol test completed at approximately 9:19 p.m., disclosed appellant had a blood-alcohol content of .20 percent.

Neither Mr. Valdez, Mr. Lopez nor Mr. Evans were injured in the collision, but their vehicles sustained damage.  Ms. Villa, who was eight and one-half months pregnant at the time of the collision started having contractions and pains in her stomach and chest, and had difficulty breathing.  She was transported to the hospital and released.  Ms. Morgan suffered whiplash.

Ms. Farias suffered serious injury as a result of the collision, her left leg having been pinned against the driver's side door.  Ms. Farias suffered a broken left femur necessitating surgery and the placement of a rod in her leg.  She had to withdraw from her classes at California State University, Fresno and was unable to work.

## DISCUSSION

Appellant has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently.  (*Wende, supra*, 25 Cal.3d 436.)  By letter dated October 30, 2014, this court invited appellant to submit additional briefing.  To date, she has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues

## DISPOSITION

The judgment is affirmed.

4.